Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| ILDEFONSO TORRES RODRÍGUEZ, NYDIA I. SANTANA SEGARRA<br><br>Recurridos<br><br>V.<br><br>YESENIA TORRES FIGUEROA, ALEX DELGADO, POR SÍ Y EN REPRESENTACIÓN DE LA SOCIEDAD LEGAL DE BIENES GANANCIALES, JULISSA DE LA CRUZ CABRERA, POR SÍ Y EN REPRESENTACIÓN DE LA SOCIEDAD LEGAL DE BIENES GANANCIALES Y OTROS<br><br>Peticionarios | TA2025CE00958 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2019CV03619<br><br>Sobre: Líbelo, Calumnia o Difamación |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 12 de febrero de 2026.

El 17 de septiembre de 2025, comparecieron ante este Tribunal de Apelaciones mediante recurso de *Certiorari*, la señora Julissa de la Cruz Cabrera, la extinta Sociedad Legal de Bienes Gananciales compuesta por esta y el señor Alex A. Delgado Rosado, y en sustitución de este último, sus herederos, a saber, la señora Julissa de la Cruz Cabrera y el señor Julián y la señora Isabella, ambos de apellido Delgado De la Cruz, (en adelante y en conjunto, la parte peticionaria). Mediante este, nos solicitan la revisión de dos (2) *Resoluciones* emitidas el 25 de noviembre de 2025, y el 10 de diciembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Ponce. En virtud de la primera, el foro recurrido declaró *No Ha Lugar* un escrito intitulado *Solicitud [para] que se proceda de*

*Conformidad,* presentada por el señor Alex A. Delgado Rosado, la señora Julissa de la Cruz Cabrera y la Sociedad Legal de Bienes Gananciales compuesta por ambos (en adelante, matrimonio Delgado-De la Cruz). Mediante la segunda, el tribunal primario declaró *No Ha Lugar* la *Solicitud de Reconsideración a Determinación de 25 de noviembre y Solicitud de Sentencia Sumaria,* instada también por el matrimonio Delgado-De la Cruz.

Por los fundamentos que adelante se exponen, se deniega la expedición del recurso de *Certiorari.*

**I**

La controversia de epígrafe tiene su génesis en una *Demanda*[1] sobre difamación y daños y perjuicios incoada el 16 de octubre de 2019, por el señor Idelfonso Torres Rodríguez y la señora Nydia I. Santana Segarra (en adelante y en conjunto, la parte recurrida), contra el señor Alex A. Delgado Rosado (señor Delgado Rosado), la señora Yesenia Torres Figueroa (señora Torres Figueroa), el señor Javier Maynulet Montilla (señor Maynulet Montilla) y Televicentro of Puerto Rico, LLC h/n/c WAPA TV (Televicentro o WAPA TV). A grandes rasgos, la parte recurrida adujo que, una serie de reportajes televisivos publicados por WAPA TV —relacionados a una investigación periodística sobre un documento del que se desprendía que, presuntamente, el señor Torres Rodríguez le había pagado a empleados de la Autoridad de Energía Eléctrica de Puerto Rico para la conexión del servicio de electricidad luego del paso del Huracán María por la Isla, entre otras alegaciones— eran falsos y difamatorios, realizados con malicia real, con la intención de impactar la opinión pública contra él, y con el propósito de lacerar su reputación.

---

[1] Véase, expediente electrónico del caso PO2019CV03619 en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC-TPI), entrada #1.

En lo pertinente al asunto ante nuestra consideración, el 7 de junio de 2021, el señor Delgado Rosado y WAPA TV presentaron una *Solicitud de Orden Protectora.*[2] Mediante esta, esgrimieron que, la información que dio paso a la serie de reportajes surgió de una carta que le fue entregada al señor Delgado Rosado, mientras se desempeñaba como jefe de noticias de Noti-Centro 4, programa transmitido por WAPA TV. Indicaron que, la persona que facilitó la carta exigió un acuerdo de confidencialidad, y el señor Delgado Rosado se comprometió a no divulgar su identidad.

Explicaron que, como parte del descubrimiento de prueba en el caso, la parte recurrida había exigido conocer la identidad de quien entregó la carta. Adujeron que, a pesar de haberse negado, esta insistía en que divulgara la identidad del informante. A esos efectos, invocó el privilegio de informe justo y verdadero, bajo el fundamento de que, la carta en cuestión constituía un documento público.

El 28 de junio de 2021, la parte recurrida se opuso mediante *Oposición a: Solicitud de Orden Protectora.*[3] Adujo que, el documento en cuestión constituía un memorando de inhibición que formaba parte de un expediente investigativo, y la acción de obtener, sacar, enviar o entregar copia a un tercero constituía un delito grave. En ese sentido, sostuvo que, el señor Delgado Rosado y WAPA TV habían omitido esbozar que, con su petitorio, protegían la identidad de una persona que había incurrido en conducta delictiva. Añadió que, en Puerto Rico no se había reconocido ningún privilegio de reportero-informante, y la prensa no tenía inmunidad para encubrir la comisión de un delito.

---

[2] *Íd.*, entrada #135.
[3] *Íd.*, entrada #142.

Tras una réplica[4] presentada el 27 de julio de 2021, por el señor Delgado Rosado y Televicentro, y una dúplica[5] instada el 8 de agosto de 2021, por la parte recurrida, el foro *a quo* emitió una *Resolución* el 11 de agosto de 2021, mediante la cual, declaró *No Ha Lugar* la solicitud en cuestión.[6] A grandes rasgos, el tribunal primario razonó que, la carta en controversia constituía un documento confidencial que formaba parte del sumario fiscal, y el privilegio de reporte justo y verdadero no se extendía a ese tipo de documentos.

Inconforme, el 26 de agosto de 2021, el señor Delgado Rosado y Televicentro presentaron una *Solicitud de Reconsideración*[7]. No obstante, esta fue declarada *No Ha Lugar* por el foro recurrido, mediante *Resolución* emitida y notificada el 27 de agosto de 2021.[8]

Ante ello, el señor Delgado Rosado, la señora Torres Figueroa, el señor Maynulet Montilla y WAPA TV acudieron ante este Curia mediante el recurso con identificación alfanumérica KLCE202101170. En dicha ocasión, un panel hermano expidió el auto de *certiorari* y confirmó la *Resolución* recurrida.[9]

En desacuerdo aún, estos recurrieron al Tribunal Supremo de Puerto Rico mediante recurso de *Certiorari*. El 31 de octubre de 2022, notificada el 16 de noviembre de 2022, el Alto Foro emitió *Sentencia*, a través de la cual revocó el dictamen emitido por el Tribunal de Apelaciones.[10] En esencia, el Tribunal Supremo razonó que, le correspondía al foro primario determinar si, en efecto, la identidad de la fuente que entregó la carta era pertinente para evaluar si la información divulgada relacionada al señor Torres Rodríguez era difamatoria.

---

[4] *Íd.*, entrada #156.
[5] *Íd.*, entrada #161.
[6] *Íd.*, entrada #163.
[7] *Íd.*, entrada #169.
[8] *Íd.*, entrada #170.
[9] *Íd.*, entrada #181.
[10] *Íd.*, entrada #214.

Tras un sinnúmero de incidencias procesales innecesarias pormenorizar para atender el asunto que nos ocupa, el 10 de enero de 2025, el Tribunal de Primera Instancia emitió una *Resolución.*[11] En virtud de esta, resolvió que la identidad de la persona que había entregado la carta resultaba pertinente. El foro *a quo* razonó que, "en un balance de intereses[,] la defensa del reporte justo y verdadero cede ante el alto interés público de proteger la confidencialidad del sumario fiscal."[12] Así, concluyó que, era necesario que el señor Delgado Rosado divulgara la identidad del informante.

Insatisfecho, el 27 de enero de 2025, el matrimonio Delgado-De la Cruz y WAPA TV instaron una *Solicitud de Reconsideración de Resolución de 10 de enero de 2025.*[13] Al próximo día, el tribunal recurrido emitió *Resolución Interlocutoria,* declarando *No Ha Lugar* la solicitud de reconsideración.[14]

Ante ello, el señor Delgado Rosado, la señora Torres Figueroa, el señor Maynulet Montilla y WAPA TV acudieron por segunda ocasión ante este Tribunal de Apelaciones, mediante el recurso con identificación alfanumérica KLCE202500200. Tras evaluar la petición de *certiorari,* otro panel hermano de esta segunda instancia judicial concluyó que, la identidad del informante carecía de pertinencia para concluir que, la información divulgada sobre el señor Torres Rodríguez era falsa. Consecuentemente, expidió el auto y revocó el dictamen recurrido.[15]

Así las cosas, y luego de otros varios trámites procesales, el 24 de noviembre de 2025, el matrimonio Delgado-De la Cruz presentó un escrito intitulado *Solicitud [para] que se Proceda de*

---

[11] *Íd.*, entrada #340.
[12] *Íd.*, entrada #340, pág. 61.
[13] *Íd.*, entrada #341.
[14] *Íd.*, entrada #342.
[15] *Íd.*, entrada #349.

*Conformidad.*[16] En esencia, adujo que, tras la determinación del foro apelativo en el caso KLCE202500200, no era necesario llevar a cabo un descubrimiento de prueba ulterior, y procedía que, el tribunal recurrido determinara si la información publicada estaba o no protegida por el privilegio de informe justo y verdadero.

Al próximo día, el Tribunal de Primera Instancia emitió *Resolución Interlocutoria*, en la que declaró *No Ha Lugar* la petición del matrimonio Delgado-De la Cruz.[17]

En desacuerdo, el 9 de diciembre de 2025, el matrimonio Delgado-De la Cruz instó una *Solicitud de Reconsideración a Determinación de 25 de noviembre y Solicitud de Sentencia Sumaria.*[18] Sin embargo, esta fue declarada *No Ha Lugar* por el foro recurrido, mediante *Resolución Interlocutoria* emitida el 10 de diciembre de 2025.[19] En su dictamen, el foro recurrido consignó lo siguiente:

> **No Ha Lugar a la solicitud de reconsideración** presentada por la parte codemandada Alex Delgado Rosado de una medida dispositiva bajo la Regla 36 de Procedimiento Civil en esta etapa de los procedimientos, **sin haber culminado el extenso descubrimiento de prueba**.
>
> Este caso tiene **más de 6 años**, **y más de 364 entradas** en el expediente de SUMAC.
>
> […]
>
> Conforme a la **Orden del 14 de noviembre de 2025** el Tribunal ordenó, nuevamente, la calendarización del descubrimiento de prueba.
>
> Conforme a dicha Orden y a la Regla 36 de Procedimiento Civil, **30 días de la fecha de cierre de descubrimiento de prueba el 15 de mayo de 2026, las partes presentarán mociones dispositivas**, bajo la Regla 36 o informar acuerdos transaccionales.
>
> El **20 de noviembre de 2025** el Tribunal dictó la Orden de señalamiento de la **Conferencia con Antelación a Juicio/Vista Transaccional. para el 20 de agosto de 2026**.

---

[16] *Íd.*, entrada #362.
[17] *Íd.*, entrada #363.
[18] *Íd.*, entrada #364.
[19] *Íd.*, entrada #365.

La parte Alex Delgado Rosado podrá presentar la moción dispositiva que entienda **30 días del cierre de descubrimiento de prueba el 15 de mayo de 2026**, conforme a la Regla 36 de Procedimiento Civil.

Las partes cumplirán con la **Orden de Calendarización del caso del 14 de noviembre de 2025** [so pena] de sanciones graves a la parte responsable por el incumplimiento. (Énfasis en el original).

No conteste con el curso decisorio del tribunal primario, el 28 de diciembre de 2025, la parte peticionaria instó el presente recurso de *certiorari* y esgrimió los siguientes señalamientos de error:

A.    Incidió el TPI al posponer y por lo tanto negarse a evaluar en esta etapa de los procedimientos la solicitud de sentencia sumaria.

B.    Incidió el TPI al no formular determinaciones en el dictamen mediante el cual declaró sin lugar la solicitud de sentencia sumaria.

C.    Incidió el TPI al no declarar con lugar como cuestión de derecho la solicitud de sentencia sumaria.

Por no ser necesario, prescindimos de la comparecencia de la parte recurrida, de conformidad con la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR ___ (2025), y procedemos a disponer del recurso.

**II**

***A. El Certiorari***

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[20]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones,

---

[20] Véase también *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 59, 215 DPR ___ (2025), dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A)  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B)  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C)  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D)  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E)  Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F)  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G)  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no

ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

Por otro lado, a partir del 1 de julio de 2010, se realizó un cambio respecto a la jurisdicción del Tribunal Apelativo para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia mediante recurso de *certiorari*. A tal fin, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Según se desprende de la precitada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y

rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. V. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### B. Manejo de Sala

Como es sabido, nuestra más Alta Curia ha reconocido que, los foros de instancia gozan de amplia discreción en la tramitación de los casos ante su consideración, de manera que, se pueda asegurar la más eficiente administración de la justicia. *Vives Vázquez v. ELA*, 142 DPR 117, 139 (1996); *Molina v. Supermercado Amigo, Inc.*, 119 DPR 330, 337 (1987). Conforme a ello, con el propósito de mantener un funcionamiento efectivo de nuestro sistema judicial, y de que se dispongan los asuntos litigiosos de forma rápida, es necesario que los juzgadores de instancia ostenten "gran flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judiciales". *In re Collazo I,* 159 DPR 141, 150 (2003). Ello implica que, estos deberán gozar de poder y autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar aquellos correctivos apropiados, de acuerdo a su buen juicio. *Colón y otros v. Frito Lays*, 186 DPR 135, 150 (2012). En virtud de estos poderes, los foros de instancias tienen disponibles múltiples mecanismos procesales para asegurar y mantener el orden de los procedimientos que atienden, para hacer cumplir sus órdenes y para realizar cualquier acto necesario para

cumplir a cabalidad sus funciones. *In re Collazo I*, supra, pág. 151; *ELA v. Asoc. de Auditores*, 147 DPR 669, 681 (1999).

Nuestra última instancia judicial ha señalado que, "[e]specíficamente, la discreción ha de ceder en las circunstancias en las que se configura: un craso abuso de discreción o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que la intervención en esa etapa evitaría un perjuicio sustancial a la parte afectada por su determinación." *BPPR v. SLG Gómez-López,* 2023 TSPR 145, 213 DPR \_\_\_ (2023).

No obstante, "la tarea de determinar cuándo un tribunal ha abusado de su discreción no es una fácil. Empero, no [hay] duda de que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad". *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013). Es por lo que, nuestra más Alta Curia ha definido la discreción como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). Así, la discreción se "nutr[e] de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". Ello "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho". (Citas omitidas). *SLG Zapata-Rivera v. J.F. Montalvo*, supra, pág. 435.

Si la actuación del tribunal de instancia no se encuentra desprovista de base razonable, ni perjudica los derechos sustanciales de una parte, prevalecerá el criterio del juzgador de hechos a quien le corresponde la administración del proceso para disponer de los procedimientos ante su consideración. *Sierra v. Tribunal Superior*, 81 DPR 554, 574 (1959).

**III**

En el presente caso, en esencia, la parte peticionaria sostiene que, el foro primario incidió al no evaluar su solicitud de sentencia sumaria.

Al examinar los dictámenes recurridos, observamos que, el foro primario rechazó atender dicha solicitud puesto que, **el descubrimiento de prueba aún no ha culminado**. Adviértase que, dicho asunto, además de referirse al manejo del caso del Tribunal de Primera Instancia, este no se encuentra incluido dentro de los asuntos comprendidos en alguna de las excepciones que dispone la Regla 52.1, *supra.*

Así pues, tras evaluar el recurso ante nuestra consideración, colegimos que no procede su expedición. Los señalamientos de error antes reseñados, por los fundamentos aducidos en la petición, no pueden activar nuestra jurisdicción discrecional en el caso de autos. Las decisiones recurridas no son manifiestamente erróneas y encuentran cómodo asilo en la sana discreción del Tribunal de Primera Instancia.

Por otro lado, la parte peticionaria tampoco ha logrado persuadirnos de que nuestra abstención apelativa en este momento y sobre el asunto planteado constituiría un rotundo fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

Por último, aclaramos que, con nuestra determinación, no estamos prejuzgando los méritos de la controversia en el caso de marras ni pasamos juicio sobre el dictamen recurrido.

**IV**

Por los fundamentos que anteceden, se deniega la expedición del recurso de *Certiorari.*

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones